**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No. 06-CR-20415

EDWARD W. FISHER and BRIAN W. LAMBKA,

    Defendants.
                                                     /

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
FISHER'S MOTION FOR A BILL OF PARTICULARS, GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE SURPLUSAGE
FROM THE INDICTMENT AND DENYING DEFENDANT'S LAMBKA'S
JOINDER IN THE MOTION FOR A BILL OF PARTICULARS**

Defendant Edward W. Fisher filed the above-captioned motions on May 30, 2007. The government filed its responses by July 24, 2007 and Defendant[1] filed his replies on August 7, 2007. The matter having been fully briefed, the court concludes that a hearing is not necessary. *See* E.D. Mich. LCrR 12.1; E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant in part and deny in part the "Motion for a Bill of Particulars" and grant in part and deny in part the "Motion to Strike Surplusage."[2] The court will also deny Defendant Lambka's joinder in the motion for a bill of particulars.

---

[1] Unless otherwise indicated, the court's use of "Defendant" shall refer to Fisher.

[2] Co-Defendant Brian W. Lambka joined in the motion for a bill of particulars. (6/4/07 Notice of Joinder.) Because Lambka presents no separate argument concerning the allegations in the indictment that are limited to his conduct, the court's analysis will focus upon the charges against Fisher. Lambka's joinder, accordingly, shall rise or fall with the court's resolution of the merits of Defendant Fisher's motions.

## I. BACKGROUND

The court explicated the background of the case and the details of the grand jury's indictment in its opinion and order denying Defendant's motions to dismiss Counts One and Two. The court by reference adopts and incorporates that information in this opinion and order.

## II. DISCUSSION

### A. Defendant's Motion for a Bill of Particulars

According to Federal Rule of Criminal Procedure 7:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). Pursuant to the court's previous analysis of Count One, the indictment is adequate for purposes of notice and therefore a bill of particulars is not necessary.[3] Further, much of what Defendant seeks is an elaboration of the government's theory of prosecution. Yet Defendant cites no authority that persuades this court that he would be entitled to such information. Finally, as a practical matter, Defendant's own evaluation of the indictment and exploration of the record on the court's docket may answer several of the specific areas of inquiry raised in his motion. The court will therefore deny Defendant's motion for a bill of particulars as it pertains to Count One. For the same reasons, Defendant Lambka's joinder in the motion is denied.

With respect to Count Two, the court will grant part of the motion and deny the remainder. The court is satisfied that the manner and means of conspiracy are

---

[3]The court is not concluding that simple survival of a motion to dismiss necessarily entails denial of an accompanying motion for a bill of particulars.

adequately described in Count Two of the indictment.  Concerning overt acts, however, the indictment merely states that Defendant advanced the conspiracy when he "testified in a civil proceeding" on or about June 19, 2001.  (Indictment at 18.)  This terse and cryptic allegation falls short of providing reasonable notice to Defendant of how he participated in the charge against him in Count Two.  The court will therefore direct the government to respond with a bill of particulars to Defendant's request to "[s]tate how Edward W. Fisher's testimony was in furtherance of the conspiracy alleged in Count Two."  (Def.'s Mot. for a Bill of Particulars at 4.)[4]  The motion is otherwise denied with respect to Count Two.

### B.  Defendant's Motion to Strike Surplusage

"Upon the defendant's motion, the court may strike surplusage from the indictment or information."  Fed. R. Crim. P. 7(d).  Defendant requests that the court strike portions of the indictment that mention (1) "irrelevant and highly prejudicial" information about other persons' separate plea agreements related to this case and (2) his testimony in a civil proceeding as an overt act.  (Def.'s Mot. to Strike at 1.)  The government concurs with the first half of the motion, though it notes that the pleas will in all likelihood be divulged to the jury if testimony from any of the relevant persons is offered.  (Resp. to Mot. to Strike at 2.)  The court will, therefore, grant Defendant's motion to strike all reference to related plea agreements.  The court expresses no opinion regarding the potential at a later point for presenting evidence of the pleas.

---

[4]This conclusion does not apply to Defendant Lambka, as the cryptic portion of the indictment only makes reference to Defendant Fisher.  The court notes separately that the overt acts alleged in Count Two against Lambka are more detailed and they are adequate to support a complete denial of his joinder in Fisher's motion.

Regarding the civil testimony, Defendant claims that it may not be included because it is alleged to have occurred after the completion of the conspiracy alleged in Count Two. (Def.'s Mot. to Strike at 5.) The indictment alleges a conspiracy "[b]eginning at least as early as January 1998 and continuing until June 2001 . . . ." (Indictment at 17.) The parties seem to disagree whether this language includes or excludes June 2001, as it appears that this is the month when Defendant gave his relevant testimony.

Whatever the answer, the outcome is the same, as the "notice pleading" requirements of an indictment can allow for some reasonable variance when the dates are not critical to the alleged crime. *See e.g. United States v. Bourque*, 541 F.2d 290, 295-96 (1st Cir. 1976); *United States v. Liebowitz*, 857 F.2d 373, 379 (7th Cir. 1988) (holding that variance between date in indictment and date of proof was not material). In this case, the range of dates alleged include or are reasonably close to the date of Defendant's civil testimony. Accordingly, there is no basis to strike this portion of the indictment. The court will thus grant in part and deny in part Defendant's motion to strike.

### III. CONCLUSION

IT IS ORDERED that Defendant's "Motion "For a Bill of Particulars" [Dkt. # 18] is GRANTED IN PART and DENIED IN PART. Specifically, the government shall file a bill of particulars stating how Defendant's testimony in a civil proceeding advanced the conspiracy alleged in Count Two.

IT IS FURTHER ORDERED that Defendant's "Motion to Strike Surplusage" [Dkt. # 19] is GRANTED IN PART AND DENIED IN PART. Specifically, the motion is

GRANTED with respect to related plea agreements and DENIED with respect to Defendant testifying in a civil proceeding.

IT IS FURTHER ORDERED that Defendant Lambka's Joinder in the Motion for a Bill of Particulars [Dkt # 22] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 17, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522