**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                      Case No. 06-CR-20415

EDWARD W. FISHER and BRIAN W. LAMBKA,

    Defendants.
                                                     /

**OPINION AND ORDER DENYING DEFENDANT FISHER'S**
**MOTIONS TO DISMISS COUNTS ONE AND TWO AND DENYING DEFENDANT**
**LAMBKA'S MOTION, THROUGH JOINDER, TO DISMISS COUNT TWO**

Defendant Edward W. Fisher filed the above-captioned motions on May 30, 2007. The government filed its responses by July 24, 2007 and Defendant[1] filed his replies on August 7, 2007. The matter having been fully briefed, the court concludes that a hearing is not necessary. *See* E.D. Mich. LCrR 12.1; E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the "Motion to Dismiss Count One of the Indictment" and deny the "Motion to Dismiss Count Two of the Indictment . . . ."[2] For the same reasons, the cort will deny Defendant's Lambka's Motion, through Joinder, to Dismiss Count Two.

---

[1] Unless otherwise indicated, the court's use of "Defendant" shall refer to Fisher.

[2] Co-Defendant Brian W. Lambka joined in the motion to dismiss Count Two. (6/4/07 Notice of Joinder.) Because Lambka presents no separate argument concerning the allegations in the indictment that are limited to his conduct, the court's analysis will focus upon the charges against Fisher. Lambka's joinder, accordingly, shall rise or fall with the court's resolution of the merits of Defendant Fisher's motions.

## I.  BACKGROUND

On August 9, 2006, the grand jury returned an indictment alleging certain conspiracy charges against Defendant and Co-Defendant Brian W. Lambka, the details of which are set forth below.  Defendant's instant motions challenge different aspects of the indictment.

## II.  DISCUSSION

### A.  Defendant's Motions to Dismiss

#### 1.  Count One

Defendant contends that the two-count indictment fails to provide sufficient notice of the charges against him, as Federal Rule of Criminal Procedure 7 requires. Regarding Count One, Defendant argues that the allegations of the indictment are "ambiguous."  (Def.'s Mot. Dismiss Count One at 2.)   He claims "[i]t is unclear whether the government's theory is that Edward Fisher conspired to defraud the United States *or* to commit an offense against the United States."  (*Id.*)  Defendant argues that Count One of the indictment is defective as a matter of law because (1) notice that he willfully joined a conspiracy is not made by claims of failure to act, (2) absent allegations he was a fiduciary, he could not have breached any fiduciary duty and (3) the ambiguous indictment impermissibly allows the government to shift its theory of prosecution.  (*Id.* at 11-20.)  The government responds that Count One of the indictment is adequate for purposes of providing notice and that Defendant's motion merely questions the government's ability to prove its allegations.  (7/24/07 Resp. at 1-5.)

An indictment must include "a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim.P. 7(c)(1).  "[A]n

indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *U.S. v. Hudson*, 491 F.3d 590, 592-94 (6th Cir. 2007) (quoting *Hamling v. United States,* 418 U.S. 87, 117 (1974), citing *United States v. Vanover,* 888 F.2d 1117, 1121 (6th Cir.1989)).

The court concludes that Count One of the indictment fairly informs Defendant of the charge against which he must defend and enables any plea to bar future prosecutions for the same offense. The heading of Count One states in bold that Defendant is charged with conspiracy in violation of 18 U.S.C. § 371, which states:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

28 U.S. § 371. According to the indictment, Defendant and his co-conspirators "did unlawfully, willfully and knowingly combine, conspire, confederate and agree together to defraud the United States Department of the Treasury of $51,781,491.82." (Indictment at 5.) This portion of the indictment cites to several appendices that are offered to support the allegation of the amount of money involved. The indictment then specifies that, from 1997 through the first quarter of 2001, Defendant and other corporate officers "conspired to underreport and underpay in excess of $51 million in federal employment taxes to the IRS . . . ." (*Id.*)

Count One further sets out separate sections detailing the objectives of the conspiracy, the manner and the means employed and the overt acts of each defendant.

(*Id.* at 5-15.) Concerning Defendant, the indictment alleges that he participated in meetings where it was decided to divert payroll tax money for other purposes and to record that no such taxes were owed. (*Id.* at 8-9.) The government claims that Defendant, as corporate counsel, "was to obscure, insulate and eliminate any criminal exposure" and that he attempted to achieve this result through "at least two overt acts involving the purposeful and fraudulent preparation of two documents" meant to mislead the IRS. (*Id.* at 9-10.) The indictment states that Defendant personally prepared a false three-page narrative explaining that the payroll taxes were withheld due to inadvertent error involving an unreliable accounting software system and inadequate monitoring personnel. (*Id.* at 10, 14-15.) Finally, Count One states that, at the request of the IRS, Defendant crafted "a one-page narrative definition of the term, 'Co-Employer'" that he allegedly later admitted in an e-mail message was purposefully convoluted in order to confuse and mislead the IRS. (*Id.* at 15.)

This recitation of the indictment speaks for itself. Any fair reading of Count One would place Defendant on notice of his participation in an alleged conspiracy to defraud the Department of Treasury of over $51 million in taxes. Defendant's argument relies in large part upon *United States v. Klein*, 247 F.2d 908 (2d Cir. 1957), and other cases involving a "*Klein*" conspiracy to defraud the IRS of money. Defendant's argument is not persuasive. In *Klein*, the Second Circuit recounted lengthy background facts in a complicated income tax conspiracy. *Id.* at 910-17. The court noted that "this appeal largely turns upon issues of federal criminal pleading." *Id.* at 910. The court affirmed the conviction and opined, "we find no merit in the oft-repeated contentions that the prosecution and the trial court 'expanded' the count in question to cover matters not

4

originally intended and changed the theory of the case from time to time." *Id.* at 916.

The court characterized the core of the appeal as an "objection . . . not so much to a shift in position as to the generality of the allegation relied upon." *Id.* at 917. Rejecting this argument, the court noted that (1) generality of allegation is permitted and well settled, (2) the prosecution is entitled to present alternate theories to prove the same conspiracy,[3] (3) the defendants as a practical matter had "all the knowledge at hand" and (4) it was for the jury to decide which method of conspiracy the defendants undertook. *Id.* at 917-18. The court concluded, "under the circumstances here disclosed, the defendants were fully and adequately informed by the indictment of the crime which they were called upon to answer." *Id.* at 918.

The court reaches the same conclusion in this case. The cases Defendant presents that cite *Klein* also offer no grounds for a different outcome. As detailed above, the indictment states broad allegations of actionable misconduct. The particulars give Defendant fair notice of the charges against him - namely, a scheme to

---

[3]According to the court:
Legally and logically the specific detail in the evidence supports the broad charge made. And practically the defendants, who caused the problem by their business ingenuity, if not criminal intent, have all the knowledge at hand. To hold otherwise is to offer a premium to prospective tax evaders in making their business operations so complicated that the Government cannot unravel them sufficiently to make allegations of purely factual detail.

. . .

A limitation of the prosecution to one only of the theories advanced by the parties would have been an unfair limitation on proof of the ultimate fact in issue where the defense, and not the prosecution, had the evidence at command.

*Klein*, 247 F.2d at 917-18.

defraud the Department of Treasury of $51,781,491.82 that involved at least two overt acts by Fisher in the form of drafting false documents. For these reasons, the court will deny Defendant's motion to dismiss with respect to Count One.

### 2. Count Two

Regarding Count Two, Defendant argues (1) that the indictment fails to allege which section of 18 U.S.C. § 1344 he violated, (2) that the indictment fails to allege a false statement by Defendant for purposes of the statute, (3) that the indictment does not claim how Defendant aided, abetted or caused the writing of checks from one account to another to conceal shortfalls and (4) no alleged overt act occurred during the time frame of the charged conspiracy. (Def.'s Mot. Dismiss Count Two at 5-15.) The government responds that the indictment must simply allege that Defendant joined in an illegal conspiracy and that, for that purpose, the indictment is sufficient. (Resp. to Mot. to Dismiss Count Two at 1-8.) Further, the government claims that the indictment alleges overt acts that Defendant made in furtherance of his scheme to defraud the Internal Revenue Service and several private parties. (*Id.*)

Count Two alleges "Conspiracy to Commit Bank Fraud" under 18 U.S.C. § 371. (Indictment at 16.) Defendant was allegedly part of a conspiracy in which he "would cause, or aid and abet in causing checks to be written . . . for the purpose of concealing shortfalls in the income of various entities." (Indictment at 17.) The indictment further claims that Defendant knew at the time that there were insufficient funds to cover the checks. (*Id.*) Finally, although without elaboration, the indictment claims that Defendant furthered this conspiracy by testifying in a civil proceeding. (*Id.*)

Count Two, while relatively more terse than Count One, is adequate for purposes of alleging that Defendant joined in a conspiracy to commit bank fraud. Count Two contains sufficient detail for purposes of fairly informing Defendant of the charge against which he must defend and enabling him to plead in bar of future prosecutions for the same offense. As a general matter, to prove conspiracy the government need only prove that Defendant "was aware of the object of the conspiracy and that he voluntarily associated himself with it to further its objectives." *United States v. Gibbs*, 182 F.3d 408, 421 (6th Cir. 1999) (quoting *United States v. Hodges*, 935 F.2d 766, 772 (6th Cir. 1991)).

If proven, the allegations in Count Two meet this standard. At a minimum, Count Two gives Defendant fair notice of the charge he faces, enabling him to plead in bar of potential future prosecutions for the same offense. It states the general nature of the scheme, when it occurred and how much money was at stake. Namely, the indictment states that from as early as January 1998 until June 2001 the bank fraud conspiracy employed check-writing[4] from one entity to another to conceal income shortfall and, ultimately, cause a loss of more than $31 million. For the reasons stated with respect to Count One, the court finds that the indictment with respect to Count Two is adequate.

---

[4]The mere absence of the label "check kiting" from the indictment and the government's introduction of this term of art in its response, (*see* Def.'s Reply Br. at 3), is not dispositive. Rather, the court evaluates the indictment for whether it sufficiently describes the bank fraud conspiracy, with or without particular labels for the method allegedly employed. The answer to this inquiry is yes and therefore dismissal is inappropriate.

The court will therefore deny Defendant's motion to dismiss the second count. For the same reasons, Defendant Lambka's motion, through joinder, is also denied.[5]

### III. CONCLUSION

IT IS ORDERED that Defendant's "Motion to Dismiss Count One of the Indictment" [Dkt. # 20] is DENIED.

IT IS FURTHER ORDERED that Defendant's "Motion to Dismiss Count Two of the Indictment" [Dkt. # 21] is DENIED.

IT IS FURTHER ORDERED that Defendant Lambka's Motion, through Joinder, to Dismiss Count Two [Dkt # 22] is DENIED.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 17, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2007, by electronic and/or ordinary mail.

  S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[5] The court notes separately that the indictment provides equal if not greater detail about Defendant Lambka's alleged role in the conspiracy.

S:\Cleland\JUDGE'S DESK\C2 ORDERS\06-20415.FISHER.DefsMotiontoDismiss.wpd